Manly, J.
 

 "We concur with his Honor below in his opinion upon the case agreed. The objection to the validity of the assignment-, seems to be two-fold:
 
 Pwst,
 
 because of the presumption of payment which attached to it, when assigned.
 
 Secondly,
 
 because of the purpose thereby
 
 to evade the
 
 operation of law as to jurisdiction. Neither ground is tenable.
 

 1. The lapse of time is not a nullification of the bond, as cancellation would be, but is only presumptive evidence of payment. The statute of presumption is of no greater force or effect than a receipt upon the paper would be. In both cases, the fact-of payment being
 
 prima facie
 
 only, and questionable, an endorsee would take title subject to the enquirers of fact.
 

 2. The endorsement being good to pass the title, and only invalid to give a fraudulent venue to the action, it will follow that the second ground of objection is to the legality of the venue. This must be taken advantage of by plea in abatement, Rev. Code, ch. 31, sec. 37. An endorsement without consideration is effective to pass title, simply. Upon the supposition that the purpose to evade the law regulating the venue of actions is unlawful, the endorsement would be invalid for such purpose, and the right of venue would, consequently, remain unchanged.
 

 If the action had been brought in the county of Cumberland where the defendant resides, it might have been brought, we take it, in the name of the endorsee, and, if so, it is a test which shows that the principle of the ground is the illegality of the venue.
 

 Per Curiam,
 

 Judgment affirmed.